IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2013

**ORLANDO M. LADD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-A-294, 2010-A-476   Steve Dozier, Judge**

---

**No.  M2011-01823-CCA-R3-PC - Filed June 11, 2013**

---

Petitioner, Orlando M. Ladd, was indicted by the Davidson County Grand Jury for possession with intent to sell or deliver in a drug-free zone, evading arrest, possession of drug paraphernalia, and two counts of felony simple possession of a controlled substance.  He entered a negotiated plea to possession with intent to sell or deliver, evading arrest and one count of simple possession.  He received an effective sentence of twelve years to serve at forty-five percent incarceration to be served concurrently to a twelve-year sentence he was already serving at the time of sentencing.  Petitioner filed a petition for post-conviction relief arguing that he received ineffective assistance of counsel and that he entered his guilty plea unknowingly and involuntarily.  The post-conviction court held a hearing and denied the petition.  Petitioner appeals that denial to this Court.  After a thorough review of the record, we conclude that the petition was properly denied, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Joseph W. Fuson, Nashville, Tennessee, for the appellant, Orlando Ladd.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On November 18, 2010, Petitioner filed a pro se petition for post-conviction relief. An amended petition was filed by appointed counsel. The petitions argued that Petitioner had been afforded ineffective assistance of counsel and that he had entered his plea unknowingly and involuntarily. The post-conviction court held a hearing on March 10, 2011. Petitioner was the first witness at the hearing. He testified that trial counsel was appointed to represent him. Petitioner stated that he received a letter from trial counsel but did not actually meet him in person until the day he pled guilty. When he met trial counsel, Petitioner was already serving time on his previous twelve-year sentence. Petitioner said that their meeting lasted fifteen to twenty minutes.

Petitioner stated that their discussion focused on how the new plea would effect his "full expiration date." Petitioner stated that he knew that his new sentence would be run concurrently with his prior sentence. According to Petitioner, he told trial counsel that he wanted his sentence expiration date for his previous sentence that expired in 2018 to remain the same. Petitioner testified that he told trial counsel that he would accept the plea offer as long as his full expiration date did not change. Petitioner and trial counsel also discussed how the school-zone enhancement was going to be dropped and how that would affect his sentence.

Petitioner recalled his guilty plea hearing. He remembered that the State had said something about his parole date changing, but Petitioner claimed that it had nothing to do with his full expiration date. Petitioner stated that he had reviewed the transcript of his guilty plea and did not find anything about an "outdate" or "expiration date." He testified that his expiration date was now 2021 instead of 2018. Petitioner stated that he would not have entered the plea had he known that his expiration date was going to change to 2021.

Petitioner testified on cross-examination that he knew that if the school-zone enhancement was dropped his sentence would be lower. Petitioner stated that trial counsel told him that his sentence expiration date would not change because of the deal.

Trial counsel also testified at the hearing. He stated that he explained to Petitioner that the deal the State offered was twelve years at forty-five percent to run concurrently with his prior sentence. Trial counsel stated that he probably used the words "that the new twelve will eat the old twelve." Trial counsel stated that he never assured Petitioner that his expiration date would stay the same. Trial counsel stated that he knew Petitioner was concerned about his expiration date and whether the deal would change his expiration date. Trial counsel stated that he told Petitioner that trial counsel could not calculate his release eligibility for him. Trial counsel stated that he told Petitioner that trial counsel did not know

how the deal would affect his release eligibility. Trial counsel told Petitioner that the new twelve-year sentence would take care of the old twelve-year sentence.

Trial counsel stated that his number one priority in his representation of Petitioner was to get the school-zone enhancement out of contention. With the charges in Petitioner's indictment, Petitioner's potential exposure was a twelve-year sentence at 100 percent incarceration and two, six-year sentences at sixty percent incarceration. Trial counsel believed that the deal he was offered by the State was particularly good, and he believed that Petitioner needed "to jump on [it] today." Trial counsel liked the offer because it removed the school-zone enhancement and ran the new sentence concurrently with the sentence Petitioner was already serving.

Trial counsel agreed that he and Petitioner did not spend very much time together. He agreed that the only time they spent discussing the case was the first time they were in court. Trial counsel received discovery from the State and had reviewed it. Trial counsel recalled discussing the substance of case with Petitioner, but he could not remember if he had specifically reviewed the discovery materials with him. Trial counsel felt that the State's case was strong. Trial counsel stated, "My position was [the State's] case was strong on its face, this is a great offer. We don't need to do anything today but, you know, we don't see offers like this on these kinds of cases."

Trial counsel testified that he knew that Petitioner was concerned about his sentence expiration date. However, he denied telling Petitioner that his sentence expiration date was going to stay the same. Trial counsel stated that he would have never promised Petitioner that his sentence expiration date would stay the same.

On April 11, 2011, the post-conviction court entered a written order that denied the petition. The post-conviction court included the following:

> [T]he Court finds the petition has failed to prove the allegations by clear and convincing evidence. The Court accredits the testimony of trial counsel that he did not give the petitioner any assurance that he would be released at a certain time or that his guilty plea would not alter his release date. In fact, the advice given could be exactly correct. The petitioner could be released on parole long before 2021. The Court has reviewed the transcript of the guilty plea which contains no discussion regarding the petitioner's release or parole date. The petitioner has five (5) prior felony drug convictions and is familiar with the criminal justice system. Trial counsel obtained a favorable disposition

evidenced by the Drug Free School Zone aspect being dropped and the sentence running concurrently to [the] petitioner's TDOC sentence.

Petitioner appeals the denial of his petition to this Court.

## ANALYSIS
### Post-conviction Standard of Review

On appeal, Petitioner argues that he was afforded ineffective assistance of counsel and that he did not enter his plea knowingly and voluntarily. The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

-4-

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 694 (1984). However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542. The standard is the same for a "best interest" or *Alford* plea, that is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

Petitioner has failed to show that trial counsel was deficient and, but for these alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner argues that he would not have accepted the plea offer if he had known that his sentence release eligibility date would have been longer. The trial court concluded that trial counsel was the more credible witness. Trial counsel testified that he informed Petitioner that there was no way to calculate his release eligibility date in light of the guilty plea. Trial counsel also stated that he did not tell Petitioner that the sentence release eligibility date would remain the same. It is up to the trial court to determine credibility of witnesses, and the post-conviction court's findings have the weight of a jury verdict. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Trial counsel advised Petitioner that there was no way to predict what his sentence release eligibility date would be, and Petitioner decided to plead guilty anyway. The transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. Petitioner was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea. He has not proven that he would not have pled guilty if not for the alleged deficiencies.

Furthermore, he has not proven that he entered his plea unknowingly or involuntarily. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Petitioner has failed to prove he did not understand the consequences of his plea.

## CONCLUSION

For the foregoing reasons, we affirm the denial of the petition.

_____
JERRY L. SMITH, JUDGE